# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

| | |
|---|---|
| Chris Ann JAYE, | : |
| Plaintiff, | : Civil No. 17-5257 (RBK/KMW) |
| v. | : |
| | : **ORDER** |
| Federal Judge Michael SHIPP, *et al.*, | : |
| Defendants. | : |

**KUGLER**, United States District Judge:

**THIS MATTER** having come before the Court upon Plaintiff Chris Ann Jaye's Motion to Consolidate this case with similar proceedings in 14-7471, 15-8324, and 16-7771 (ECF No. 123); Plaintiff's Motion for Reconsideration of this Court's March 29, 2018 Opinion (ECF No. 124); Plaintiff's Motion for Reconsideration of Sua Sponte Writ and Application for a Writ of Mandamus (ECF No. 125); Plaintiff's Request for a Three-Person Panel pursuant to 28 U.S.C. § 2284 (ECF No. 126); Plaintiff's Motion for Recusal of Judge Kugler (ECF No. 128); and Plaintiff's Motion pursuant to Fed. R. Civ. P. 59 (ECF No. 129);

**FIRST,** the Court notes that under Fed. R. Civ. P. 42(a), the Court may consolidate actions "to avoid unnecessary cost or delay," *see Johnson v. Manhattan Ry. Co.*, 289 U.S. 479, 496, 53 S. Ct. 721, 727–28, 77 L. Ed. 1331 (1933) ("consolidation is permitted as a matter of convenience and economy in administration");

**THE COURT FINDING** that at this late date it would be neither convenient nor economical to consolidate these cases;

1

**SECOND,** the Court notes that Plaintiff seeks reconsideration of this Court's previous order and opinion (ECF Nos. 118 and 119), presumably pursuant to L. Civ. R. 7.1(i), under which a petitioner has the burden to demonstrate: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice," *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citation omitted);

**THE COURT FINDING** that Plaintiff has presented no question of new law, new facts, clear error, or manifest injustice which would merit reconsideration of the Court's March 29, 2018 opinion;

**THIRD,** the Court finds that Plaintiff's "Motion for Reconsideration of Sua Sponte Writ via ECF 118 and Plaintiff's Second Application for a Writ of Mandamus and Proof of Service" (ECF No. 125) likewise has presented no question of new law, new facts, clear error, or manifest injustice which would merit reconsideration of the Court's March 29, 2018 opinion, and instead appears to claim that an opposing party lied to the Court when it requested the Court to issue an order to show cause why Plaintiff should not be subject to a pre-filing injunction, and reiterates Plaintiff's belief that Defendants do not have standing to make such arguments along with a litany of ad hominem attacks;

**FOURTH,** the Court notes that Plaintiff's has not articulated the basis for her request for a three-judge panel pursuant to 28 U.S.C. § 2284, as this may only be granted "when an action is filed challenging the constitutionality of the apportionment of congressional districts or the apportionment of any statewide legislative body," which is not applicable here, or "when otherwise required by Act of Congress," which Plaintiff had not identified;

**FIFTH**, the Court notes that under 28 U.S.C. § 455(a), a judge must recuse from a matter when the moving party files an affidavit that is legally sufficient to support a charge of bias or prejudice," *Cooney v. Booth*, 262 F. Supp. 2d 494, 501 (E.D. Pa. 2003) ) (citing *Mims v. Shapp*, 541 F.2d 415, 417 (3d Cir. 1976)), and that Plaintiff's affidavit appears to be anchored in the belief that the Court's rulings are motivated by personal animus;

**THE COURT FINDING**, however, that judicial rulings "almost never constitute a valid basis for bias or partiality motion," *Liteky v. United States*, 510 U.S. 540, 554 (1994), and that Plaintiff's motion for recusal (ECF No. 128) does not present facts that rise to the level of judicial impropriety;

**SIXTH,** the Court notes that Plaintiff's "Motion to Make Findings of Fact per R. 52, Amend Judgments per R. 59, and Adjudicate All Matters Prior to Appeal per R. 1 and Proof of Service" (ECF No. 129) is an 11-point thesis replete with nonsensical arguments such as that Defendants lack standing;

**THE COURT NOTING** that to the extent Plaintiff's Motion to Amend Judgments raises issues cognizable under Rule 59, "[t]he decision on whether or not to grant Rule 59 relief rests within the sound discretion of the trial court," *Procter & Gamble Co. v. Paragon Trade Brands*, Inc., 15 F. Supp. 2d 406, 408 (D. Del. 1998) (citing *Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 36 (1980)), and that the Court will exercise that discretion and deny Plaintiff's request;

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Consolidate (ECF No. 123) is **DENIED**; and

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Reconsideration (ECF No. 124) is **DENIED**; and

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Reconsideration of Sua Sponte Writ and Application for a Writ of Mandamus (ECF No. 125) is **DENIED**; and

**IT IS FURTHER ORDERED** that Plaintiff's Request for a Three-Person Panel pursuant to 28 U.S.C. § 2284 (ECF No. 126) is **DENIED**; and

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Recusal (ECF No. 128) is **DENIED**; and

**IT IS FURTHER ORDERED** that Plaintiff's Rule 59 Motion (ECF No. 129) is **DENIED**.


Dated:   May 18, 2018                                    s/ Robert B. Kugler
                                                         ROBERT B. KUGLER
                                                         United States District Judge