NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| Chris Ann JAYE, <br><br> Plaintiff, <br> v. <br><br> Federal Judge Michael SHIPP, *et al.*, <br><br> Defendants. | Civil No. 17-5257 (RBK/KMW) <br><br> **OPINION** |

**KUGLER**, United States District Judge:

This matter comes before the Court on its own motion in consideration of Plaintiff's response to this Court's Order to Show Cause why a pre-filing injunction should not be entered against her.

Because Plaintiff's response to the Order has not allayed the Court's concerns that she will persist in her pattern of litigation, the Court finds that a pre-filing injunction is appropriate.

## I. BACKGROUND

On March 29, 2018, this Court ordered Plaintiff to show cause within 20 days of the Order why her pattern of conduct does not justify a tailored pre-filing injunction. As the Court explained in last opinion, *see Jaye v. Shipp*, No. CV 17-5257 (RBK/KMW), 2018 WL 1535215 (D.N.J. Mar. 29, 2018), Plaintiff has aggressively pursued a series of lawsuits against her condominium association, which has expanded to dozens of judges, lawyers, clerks, and a spectrum of private individuals sometimes only incidentally involved in the case.

1

Plaintiff has since responded to this Court's Order to Show Cause. Plaintiff continues in her persistence that this conspiracy continues to harm her. A full accounting of her response is unnecessary: suffice to say Plaintiff persists in her belief that there is a vast conspiracy aligned against her among the federal and state judiciaries, from the trial level to the courts of last resort for each system. For example, Plaintiff maintains that the United States Court of Appeals for the Third Circuit "killed" her case when it affirmed, among other things, judicial immunity. More generally, she argues that judges have "weaponized the courts to protect [their] own," asserts that the court system is a "racket," and avers that the doctrine of *res judicata* is a judicial fiction designed to prevent her from accessing federal court. Several district courts of this district, as well as the Court of Appeals for the Third Circuit, *see Jaye v. Attorney Gen. New Jersey*, 706 F. App'x 781, 784 (3d Cir. 2017), have responded to her claims that judicial immunity does not apply, but this consensus on long-established law has not diminished Plaintiff's insistence that this doctrine does not apply to her.

Perhaps most importantly, Plaintiff has not addressed the effects of this litigation on the private parties to this matter, many of whom have been repeatedly sued despite past adjudications. To permit her to proceed with further filings against such parties would result in an abuse of the system and futile expense, as Defendants are forced to repeatedly defend against ultimately frivolous lawsuits.

## II. DISCUSSION

Pursuant to the All Writs Act, 28 U.S.C. § 1651(a), a district court may enter a pre-filing injunction "to preclude abusive, groundless and vexatious litigation." *Brow v. Farrelly*, 994 F.2d 1027, 1038 (3d Cir. 1993). "When a district court is confronted with a pattern of conduct from which it can only conclude that a litigant is intentionally abusing the judicial process and will

2

continue to do so unless restrained, we believe it is entitled to resort to its power of injunction and contempt to protect its process." *Abdul-Akbar v. Watson*, 901 F.2d 329, 333 (3d Cir. 1990). "Courts have uniformly sanctioned litigants who attempt to relitigate issues already decided against [them] . . ." *Dunleavy v. Gannon*, 2012 WL 259382 (D.N.J. Jan. 26, 2012) (citing *Napier v. Thirty or More unidentified Fed. Agents, Employees or Officers*, 855 F.2d 1080 (3d Cir. 1988).

However, "the District Court should not restrict a litigant from filing claims absent exigent circumstances, such as a litigant's continuous abuse of the judicial process by filing meritless and repetitive actions." *Farrelly*, 994 F.2d at 1037. Moreover, "[i]f the circumstances warrant the imposition of an injunction, the District Court must give notice to the litigant to show cause why the proposed injunctive relief should not issue." *Id.* Finally, "the scope of the injunctive order must be narrowly tailored to fit the particular circumstances of the case before the District Court." *Id.*

Plaintiff's response to the Court's previous order to show cause has done nothing to allay the Court's concerns that she will persist in filing vexatious lawsuits. Indeed, since the Court ordered her to show cause, she has filed no less than six motions in this case alone, several of which are duplicative of motions filed in the other four cases she has brought. (*See* ECF Nos. 123, 124, 125, 126, 128, and 129.)

### III. CONCLUSION

The Court finds that the following pre-filing injunction is eminently appropriate under the circumstances.

1. Without prior leave of this Court, Plaintiff Chris Ann Jaye is prohibited, when proceeding pro se, from filing any lawsuits against any of the Defendants or others not yet named relating to disputes concerning the payment of her condominium fees or foreclosure proceedings, or any perceived conspiracies emanating out of them;

2. Leave of Court will be freely granted upon Plaintiff showing through a properly filed petition that a specific proposed filing (i) can survive a

3

challenge under Rule 12 of the Federal Rules of Civil Procedure and (ii) is not barred by principles of claim or issue preclusion;

3. Plaintiff must attach a copy of this pre-filing injunction to any subsequent pro se lawsuit that relates to the payment of her condominium fees or foreclosure proceedings; and

4. The injunction shall not apply to the filing of timely notices of appeal of any decision rendered by this Court in this action, nor shall it apply to the cases that Plaintiff has already filed.

An order follows.

Dated:   May 18, 2018                                   s/ Robert B. Kugler
                                                        ROBERT B. KUGLER
                                                        United States District Judge